UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PROCENTURY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>MARTHA E. ROMERO, an individual; ROMERO LAW FIRM, CONTRA COSTA COUNTY, RIVERSIDE COUNTY, PLACER COUNTY and SAN BERNARDINO COUNTY,<br><br>           Defendants. | Case No. CV 5:14-01158-VAP-SP<br><br>[Assigned to the Hon. Virginia A. Phillips]<br><br>[Magistrate Judge: the Hon. Sheri Pym]<br><br>**PROTECTIVE ORDER REGARDING THE PRODUCION OF PRIVATE FINANCIAL INFORMATION**<br><br>Filing Date:     06/06/2014<br>Date of Service:     07/03/2014<br>Pretrial Hearings:  T.B.D.<br>Trial Date:        T.B.D. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Pursuant to the Stipulation of the Parties and good cause having been shown:

The Court hereby approves this Stipulation and Protective Order. This Protective Order will enable the parties to further their ongoing settlement negotiations in a more candid and productive manner.

Pursuant to L.R. 52-4.1, the pertinent elements requested in the stipulation are as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceedings" means and collectively refers to *ProCentury Insurance Company v. Martha E. Romero, et. al.*, United Stated District Court Case No. CV 5:14-01158-VAP-SP ; and *County of Placer v. Martha E. Romero*, Placer County Superior Court Case No. SCV0034538, and any re-filing or transfer of the Proceedings.

   b. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

   c. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which are produced by Ms. Romero, through her counsel of record in the Proceedings, to Placer County, through its counsel of record in the Proceedings, and which relate to, evidence, or concern Ms. Romero's personal financial condition, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

/ / /

        d.    "Testimony" means all declarations or other testimony provided by Ms. Romero to Placer County which relate to, evidence, or concern Ms. Romero's personal financial condition.

        e.    "Information" means the content of Documents or Testimony.

        f.    "Confidential Materials" means any Documents, Testimony or Information produced pursuant to the provisions of this Stipulation and Protective Order.

        g.    "Designated Individuals" means the individuals specifically identified on Exhibit A to this Stipulation and Protective Order.

2. Ms. Romero shall mark any Documents or Testimony, as defined above, subject to this Stipulation and Protective Order with the word "Confidential."

3. The protections conferred by this Stipulation and Protective Order cover not only Confidential Materials (as defined above), but also (1) any Information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Placer County that might reveal Confidential Materials.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, the tax payer privilege, privacy objections, or any other privileges or objections, or any Party's right to contest any such assertion.

5. Access to and/or Disclosure of Confidential Materials shall be permitted only to the Designated Individuals**.**  Each of the Designated Individuals shall be bound by the terms of the Stipulation and Protective Order.

6. (a) Subject to the terms of subdivision (b), (c), (d) and (e), Confidential Materials shall be used by the persons receiving them only for the

purposes of facilitating settlement negotiations, and shall not be used in preparing for, conducting, participating in the conduct of, and/or prosecuting the Proceedings, or for any other purpose whatsoever.

      (b)    Notwithstanding the terms of subdivision (a), this Stipulation and Protective Order shall not have any effect on the admissibility and/or use of the Confidential Materials in preparing for, conducting, participating in the conduct of, and/or prosecuting the Proceedings in the event that County obtains a verdict that Ms. Romero acted with malice, oppression, or fraud and Placer County thereafter pursues punitive damages against Ms. Romero.  Further, in the event Placer County obtains a verdict that Ms. Romero acted with malice, oppression, or fraud and pursues punitive damages against Ms. Romero, Ms. Romero specifically reserves the right to challenge the admissibility of any of the Confidential Materials at any hearing related to County's claim for punitive damages.

      (c)    Any Confidential Materials that are referred to or are produced by Ms. Romero in response to a formal discovery request, or are permitted by the courts in the Proceedings to be discovered, shall be permitted to be used in preparing for, conducting, participating in the conduct of, and/or prosecuting the Proceedings.

      (d)    Placer County agrees to limit disclosure of the Confidential Materials only to those Designated Individuals as is reasonably necessary for Placer County's handling of the Proceedings.

      (e)    Placer County shall provide a copy of this Protective Order to each Designated Individual and inform them that the Confidential Materials are protected from disclosure by this Protected Order.

7.    If Placer County, including the County Counsel's office and the County Executive Office, Risk Management Division, General Liability Unit, receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, Placer County

shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for Ms. Romero, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, Ms. Romero may, in her sole discretion and at her own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  County, including the County Counsel's office and the County Executive Office, Risk Management Division, General Liability Unit, may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

8. In the event that Placer County obtains a verdict that Ms. Romero acted with malice, oppression, or fraud and pursues punitive damages against Ms. Romero, nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any court ruling concerning the issue of the status of Confidential Materials.

9. This Stipulation and Protective Order shall continue to be binding after the conclusion of the Proceedings and all subsequent proceedings arising from the Proceedings.

10. Upon written request made within thirty (30) days after the settlement or other termination of the Proceedings, the County Counsel's office and the County Executive Office, Risk Management Division, General Liability Unit shall have thirty (30) days to either (a) promptly return to counsel for Ms. Romero all Confidential Materials and all copies thereof (except that, if County has proceeded with a punitive damages phase in the Proceedings, it may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all

work product, and one copy of each pleading filed in the Proceedings and one copy of each deposition together with the exhibits marked at the deposition) or (b) agree with counsel for Ms. Romero upon appropriate methods and certification of destruction or other disposition of such Confidential Materials.

11. After this Stipulation and Protective Order has been signed by counsel for the Parties, it may be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

12. This Stipulation and Protective Order may be executed in counterpart, and all executed counterparts, including faxed or photocopied signatures, as well as copies transmitted in pdf format, shall be treated as an ink-signed original for all purposes.

13. This Stipulation and Protective Order is without prejudice for the parties to seek additional Protective Orders with the Court as the need may arise.

**IT IS SO ORDERED.**

DATED: November 20, 2014

/s/
Hon. Sheri Pym
Magistrate Judge of the U.S. District Court

# EXHIBIT A – DESIGNATED INDIVIDUALS

| # | Name |
|---|---|
| 2 | Artim, Nicole |
| 3 | Bird, Katina |
| 4 | Brown, Elizabeth |
| 5 | Brown, Ken |
| 6 | Carden, Jerry O. |
| 7 | Center, Crystal |
| 8 | Coffman, Chris |
| 9 | Coffman, Roger B. |
| 10 | Cook, Clayton |
| 11 | Flood, Val D. |
| 12 | Frey, Karen |
| 13 | Holt, Brett D. |
| 14 | Huskey, David K. |
| 15 | Jacob, Renju |
| 16 | Lovejoy, Jeanette |
| 17 | Padilla, Teri |
| 18 | Peters, Maryellen |
| 19 | Rathe, Mark W. |
| 20 | Rodriguez, Linda |
| 21 | Sadler, Sara |
| 22 | Sandman, Rob |
| 23 | Schwab, Karin E. |
| 24 | Shramek, Kristina |
| 25 | Smith, Jennifer C. |
| 26 | Wirtz, Brian |